IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID BENJAMIN WICK, SR.,<br><br>Defendant. | CR 22-28-BLG-SPW<br><br>ORDER |

    Before the Court is Defendant David Benjamin Wick, Sr.'s pro se Motion for a Detention Hearing (Doc. 34). Wick is represented by counsel. (Doc. 31). The Court will not address Wick's pro se motion because he has not received permission from the Court to engage in hybrid representation.

    A defendant has the right to represent himself in a criminal trial and the right to the assistance of counsel. *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir.1978) (citations omitted). However, "a criminal defendant does not have an

1

absolute right to both self-representation *and* the assistance of counsel." *United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987) (emphasis in original). In other words, "the right to counsel and the right to proceed pro se exist in the alternative." *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir.1987); *see also Locks v. Sumner*, 703 F.2d 403, 407-08 (9th Cir.1983). Although a court may grant permission for hybrid representation, the decision to do so "rests in the sound discretion of the trial court." *Bergman*, 813 F.3d at 1030.

By filing his motions pro se, Wick engages in hybrid representation without first seeking the Court's permission. Under such circumstances, "[a] district court has no obligation to entertain pro se motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001). The Court declines to consider Wick's motion. *See*, e.g., *id.* at 685 (noting that the district court did not err when it denied a represented defendant's pro se motion without considering its contents); see also *United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir.1993) ("A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel. The district court did not abuse its discretion in refusing to consider [the defendant's] unsigned, pro se motions.").

Accordingly, IT IS HEREBY ORDERED that Wick's pro se motion to order a detention hearing (Doc. 34), is **DENIED**.

DATED this 29th day of September, 2022.

_____
SUSAN P. WATTERS
U.S. DISTRICT JUDGE